UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WHALEN CAMPBELL,                                )
                                                )
                        Plaintiff,              )    **AMENDED COMPLAINT**
                                                )
     -against-                                  )    **JURY TRIAL DEMANDED**
                                                )
THE CITY OF NEW YORK; POLICE OFFICER            )    **15 Civ. 6333 (NRB)**
VLADIMIR RAVICH, Shield No. 4421;               )
UNDERCOVER OFFICER # 149 (no longer             )
undercover – actual name is Police Sergeant     )
Alexandr Montero, Shield No. 1614); POLICE      )
DETECTIVE ROBERT GREENLEAF, Shield No.          )
808; POLICE DETECTIVE MANUEL                    )
CORDOVA, Shield No. 00225; UNDERCOVER           )
DETECTIVE # C0301; POLICE SERGEANT              )
MAHBUBUR KHAN, Shield No. 2758 (formerly        )
Undercover Officer #145 ghost); POLICE          )
SERGEANT EVARISTU UKE; JOHN DOES;               )
RICHARD ROES,                                   )
                                                )
                        Defendants.             )
------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

1.      This is a civil rights action in which plaintiff WHALEN CAMPBELL seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on August 13, 2014 concerning his malicious prosecution claims, within 90 days of the dismissal of the criminal charges against him.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.     Plaintiff WHALEN CAMPBELL is a citizen and resident of the United States,

and at all times relevant herein was a resident of the State of New York, County of New York. Plaintiff WHALEN CAMPBELL is a black man.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, the employees of which act as its agents in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force, and the employment of police officers, as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE OFFICER VLADIMIR RAVICH, UNDERCOVER OFFICER # 149, POLICE DETECTIVE ROBERT GREENLEAF, POLICE DETECTIVE MANUEL CORDOVA, UNDERCOVER DETECTIVE # C0301, POLICE SERGEANT MAHBUBUR KHAN, POLICE SERGEANT EVARISTU UKE, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER VLADIMIR RAVICH, UNDERCOVER OFFICER #

149, POLICE DETECTIVE ROBERT GREENLEAF, POLICE DETECTIVE MANUEL CORDOVA, UNDERCOVER DETECTIVE # C0301, POLICE SERGEANT MAHBUBUR KHAN, POLICE SERGEANT EVARISTU UKE, and JOHN DOES are sued individually.

10. Defendants POLICE DETECTIVE ROBERT GREENLEAF, POLICE DETECTIVE MANUEL CORDOVA, UNDERCOVER DETECTIVE # C0301, POLICE SERGEANT MAHBUBUR KHAN, POLICE SERGEANT EVARISTU UKE, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE DETECTIVE ROBERT GREENLEAF, POLICE DETECTIVE MANUEL CORDOVA, UNDERCOVER DETECTIVE # C0301, POLICE SERGEANT MAHBUBUR KHAN, POLICE SERGEANT EVARISTU UKE, and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

**Concerning the December 26, 2013 Arrest**

11. At approximately 11:00 a.m. on December 26, 2013, Plaintiff was in Marcus

Garvey Park in Manhattan speaking with some other people.

12. One of the people present pulled dice out of his pocket and started shaking the dice, and invited Plaintiff to gamble with him.

13. Plaintiff declined to gamble.

14. Plaintiff never touched the dice, nor did anything to indicate he was gambling, attempting to gamble, or had any intention to be gambling.

15. Six JOHN DOES plainclothes members of the NYPD - on information and belief including Defendants RAVICH, GREENLEAF - approached Plaintiff.

16. One of the JOHN DOES asked Plaintiff, in sum and substance, "Where's the dice?"

17. Plaintiff responded that he did not have any dice on him.

18. The JOHN DOES then unlawfully searched Plaintiff.

19. Plaintiff had no dice in his possession.

20. The JOHN DOES then approached the man with the dice, and found the dice on him.

21. Both Plaintiff and the man with the dice were handcuffed by the JOHN DOES.

22. The JOHN DOES transported Plaintiff to a local police precinct, where he was fingerprinted and photographed.

23. After being in a cell for a period of time Plaintiff was removed from the cell and brought by JOHN DOES members of the NYPD to a room.

24. In the room the JOHN DOES tried to convince Plaintiff to work for them (they identified themselves as being with the NYPD's Vice Squad).

25. Plaintiff declined to work for the JOHN DOES.

26. The JOHN DOES then put Plaintiff back into the holding cell.

27. After approximately five or six hours of being in police custody Plaintiff was released with a Desk Appearance Ticket (DAT).

28. The DAT notes that Defendant RAVICH was assigned as Plaintiff's arresting officer.

29. The DAT required Plaintiff to appear in Criminal Court on February 3, 2014.

30. Plaintiff was charged with one count of Promoting Gambling in the Second Degree, New York State Penal Law § 225.05, a class A misdemeanor, and one count of Possession of a Gambling Device, New York State Penal Law § 225.30 (2), a class A misdemeanor.  Defendant RAVICH was the complainant on the Criminal Court Complaint, and attests in that document that he is informed by defendant UNDERCOVER OFFICER # 149 that UNDERCOVER OFFICER # 149 observed Plaintiff along with the other arrested man playing dice for approximately ten minutes, and that UNDERCOVER OFFICER # 149 observed Plaintiff and the other arrested man take multiple turns rolling the dice and exchanging money.  Defendant RAVICH also attests in that document that he is informed by defendant GREENLEAF that defendant GREENLEAF took dice from the other arrested man's jacket pocket.

31. These allegations, as they relate to Plaintiff, are completely false in every respect.

32. Plaintiff was at no point playing dice with the other arrested man.

33. Plaintiff never rolled the dice.

34. Plaintiff never exchanged money with the other arrested man.

35. On information and belief, Defendant KHAN (who was then Undercover #145

ghost) knew that Plaintiff had not done any of the things falsely alleged by UNDERCOVER OFFICER # 149, but did not intervene in any way to prevent Plaintiff's wrongful arrest and prosecution.

36.     At Plaintiff's arraignment on February 3, 2014 the Criminal Court consolidated this case with the criminal case arising out of Plaintiff's January 10, 2014 arrest (described *infra*).

37.     Plaintiff next appeared in Court to defend against these false charges on April 2, 2014.

38.     On May 20, 2014, these false charges against Plaintiff were dismissed in their entirety upon the New York County District Attorney's concession that the Plaintiff had not been speedily prosecuted pursuant to the requirements of NY Criminal Procedure Law § 30.30.

**Concerning the January 10, 2014 Arrest**

39.     On the morning of January 10, 2014, Plaintiff was on the sidewalk on 124th Street in Manhattan, across the street from the entrance to Marcus Garvey Park, near Madison Avenue.

40.     Plaintiff was stopped by a man in regular street clothes who he did not know - on information and belief Defendant UNDERCOVER DETECTIVE SHIELD # C0301 (who was under the supervision of Defendant SERGEANT UKE) - who asked Plaintiff, in sum and substance, where he could get a "quarter" [on information and belief, meaning drugs] from, and whether Plaintiff knew who a van parked nearby belonged to.

41.     Plaintiff responded, in sum and substance, that he did not know who the van belonged to, and told the man that he was going to leave the conversation and go to the corner store.

42. Plaintiff went into the corner store and got some coffee.

43. The man followed Plaintiff to the store, without any invitation or encouragement from Plaintiff to do so.

44. As Plaintiff came out of the store he was met by a number of plainclothes JOHN DOES members of the NYPD - on information and belief including Defendant CORDOVA - one of whom had a gun pointed at Plaintiff's face.

45. One of the JOHN DOES grabbed Plaintiff and put him up against a store's gate.

46. Plaintiff was handcuffed by the JOHN DOES, and unlawfully searched.

47. Plaintiff possessed no contraband of any sort.

48. Another man in the vicinity, who became Plaintiff's co-defendant in Criminal Court, was also arrested.

49. Plaintiff and the other man were placed in the back of a police van and driven around by the JOHN DOES for approximately an hour, while the JOHN DOES picked up other arrestees.

50. Plaintiff was then brought to the NYPD 25th precinct.

51. At the precinct Plaintiff was placed in a cell, and fingerprinted and photographed.

52. Defendant CORDOVA was assigned as Plaintiff's arresting officer.

53. After some hours at the 25th precinct Plaintiff was transferred to Manhattan Central Booking, and again placed in a cell, fingerprinted and photographed.

54. Plaintiff was held at Central Booking for approximately two days, and then arraigned and released on his own recognizance.

55. Plaintiff was charged with one count of Criminal Sale of Marijuana in the Fourth

Degree, New York State Penal Law § 221.40, a class A misdemeanor.  Defendant CORDOVA was the complainant on the Criminal Court Complaint, and attests in that document that he is informed by defendant UNDERCOVER DETECTIVE # C0301 that UNDERCOVER DETECTIVE # C0301 approached Plaintiff and asked for marijuana, and that Plaintiff told UNDERCOVER DETECTIVE # C0301 to follow him and Plaintiff took UNDERCOVER DETECTIVE # C0301 to a store where they met up with Plaintiff's co-arrestee, and that UNDERCOVER DETECTIVE # C0301 told Plaintiff's co-arrestee that UNDERCOVER DETECTIVE # C0301 wanted "water" (which allegedly was a street term for $25 bags of marijuana), and that Plaintiff's co-arrestee took one bag of marijuana from his pocket and handed it to UNDERCOVER DETECTIVE # C0301 in exchange for $25.

56. UNDERCOVER DETECTIVE # C0301 executed a Supporting Deposition in support of Plaintiff's prosecution, falsely attesting that the facts in the Criminal Court Complaint were true.

57. These allegations, as they relate to Plaintiff, are completely false in every respect.

58. Plaintiff did not tell UNDERCOVER DETECTIVE # C0301 to follow him.

59. Plaintiff did not take UNDERCOVER DETECTIVE # C0301 to a store.

60. Plaintiff appeared in Court on seven additional occasions to defend against this false charge.

61. On August 4, 2014, this false charge against Plaintiff was dismissed in its entirety upon the New York County District Attorney's concession that the Plaintiff had not been speedily prosecuted pursuant to the requirements of NY Criminal Procedure Law § 30.30.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

62.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63.      By their conduct and actions in falsely arresting, maliciously prosecuting, abusing process against, assaulting and battering, searching, violating rights to equal protection under law of, violating the substantive and procedural due process rights of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and/or evidence against, Plaintiff, defendants POLICE OFFICER VLADIMIR RAVICH, UNDERCOVER OFFICER # 149, POLICE DETECTIVE ROBERT GREENLEAF, POLICE DETECTIVE MANUEL CORDOVA, UNDERCOVER DETECTIVE # C0301, POLICE SERGEANT MAHBUBUR KHAN, POLICE SERGEANT EVARISTU UKE, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

64.     As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

65. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

66. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers POLICE DETECTIVE ROBERT GREENLEAF, POLICE DETECTIVE MANUEL CORDOVA, UNDERCOVER DETECTIVE # C0301, POLICE SERGEANT MAHBUBUR KHAN, POLICE SERGEANT EVARISTU UKE, and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

67. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

68. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

69. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

70. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

71. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

72. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of racially discriminatory, stops, frisks, and arrests. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

73. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

74. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

75. The conduct of defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

76. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

77. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

78. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79.     As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## CONSTITUTIONAL TORT

80.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

81.     Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

82.     A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

83.     As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           February 14, 2016

                                      /S/ Jeffrey A. Rothman
                                      JEFFREY A. ROTHMAN, Esq.
                                      315 Broadway, Suite 200
                                      New York, New York 10007
                                      (212) 227-2980
                                      Attorney for Plaintiff